UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARGARET WILLETT,

Plaintiff,

v.

ETHAN ZACHADNYK, et al.,

Defendants.

Case No.: 25-cv-3439-RSH-BJW

**ORDER DENYING PLAINTIFF'S RULE 60 MOTION**

[ECF Nos. 12, 13]

Plaintiff filed this lawsuit on December 5, 2025, represented by counsel. ECF No. 1. Thereafter, Plaintiff filed an application for a temporary restraining order. ECF No. 3. This Court held a hearing on December 12, 2025, at which one named defendant, Ethan Zachadnyk, appeared pro se. At the hearing, the Court denied Plaintiff's application without prejudice. ECF No. 7.

Prior to any defendant responding to the Complaint, on February 23, 2026, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 10. Pursuant to that rule, the notice effected the dismissal of the action without need for court order.

//

On June 18, 2026, despite the fact that Plaintiff had dismissed the case four months prior, Plaintiff filed an Amended Complaint. ECF No. 11. On June 22, 2026, she filed a motion for relief from her voluntary dismissal pursuant to Fed. R. Civ. P. 60(b). ECF No. 12. That motion also sought leave to file the Amended Complaint that Plaintiff had previously filed. *Id.* On June 24, 2026, Plaintiff filed a motion seeking a preliminary injunction. ECF No. 13.

There is no indication in the record that Plaintiff served her Amended Complaint, her motion requesting Rule 60 relief and leave to amend, or her motion for a preliminary injunction on any defendant. No defendant has filed a response to the motions.

Thereafter, Plaintiff (through counsel) and defendant Zachadnyk (pro se) engaged in several settlement conferences before U.S. Magistrate Judge Brian J. White. *See* ECF Nos. 15-18. The Parties were ultimately unable to reach a settlement. ECF No. 18.

As set forth below, the Court denies Plaintiff's motion for Rule 60 relief and leave to amend, as well as her motion for a preliminary injunction.

## I. LEGAL STANDARD

Plaintiff seeks relief from her voluntary dismissal pursuant to Fed. R. Civ. P. 60(b)(6), which provides that the court "may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief." Relief under this provision requires a showing of "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). This provision "provides only grounds for relief not already covered by the preceding five paragraphs" of Rule 60(b). *Id.* at 211. The U.S. Supreme Court has described the standard as "stringen[t]" and "strict," requiring a "movant's faultlessness," and stating that "free, calculated, deliberate choices are not to be relieved from." *Id.* at 212 (citations omitted).

In the alternative, Plaintiff seeks relief under Rule 60(b)(3), which provides for relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under this provision, he movant must prove "by clear and convincing evidence that

the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citation and internal quotation marks omitted).

Where a party seeks to reopen a case in order to file an amended pleading, the party "must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *BLOM Bank*, 605 U.S. at 210.

## II. DISCUSSION

In support of Plaintiff's Rule 60 motion, she submits a declaration from her counsel explaining that "[t]he immediate catalyst for the action was an announced reverse-merger transaction involving an entity referred to as AsphaltX, in connection with which Zachadnyk had authorized a large block of FUNR shares. That announced transaction created an imminent risk that Plaintiff's control would be diluted away before the dispute could be adjudicated." ECF No. 12-1 ¶ 4. The declaration states, "[i]n or about early 2026, the announced AsphaltX reverse-merger transaction did not go forward and was abandoned. Based on the information then available to me and to Plaintiff, the abandonment of that transaction removed the immediate threat that had prompted the action—namely, the imminent prospect that FUNR shares would be issued to consummate the AsphaltX deal and dilute Plaintiff's control." *Id.* ¶ 5. The declaration continues, "[a]t or about the same time, the parties were communicating about a possible negotiated resolution of the dispute. Those communications were, at that stage, largely informal and verbal. Based on Zachadnyk's apparent willingness to discuss a resolution and on the abandonment of the AsphaltX transaction, it was my professional judgment, and Plaintiff's decision, that the immediate need for litigation had abated and that the dispute could be resolved without continued litigation at that time." *Id.* ¶ 6. Counsel explains that Plaintiff elected to dismiss the action "[i]n reliance on those two premises—the abandonment of the AsphaltX transaction and the apparent prospect of a negotiated resolution." *Id.* ¶ 7.

//

After the dismissal, "the parties continued to exchange communications concerning a possible resolution, including written settlement proposals exchanged in or about April and May 2026. Those discussions did not result in any executed settlement, and no resolution of the dispute was ever consummated." *Id.* ¶ 8. Counsel further states that "[a]s the discussions continued, it became apparent that Zachadnyk was not, in fact, prepared to relinquish control of FUNR or to resolve the dispute on terms that would protect Plaintiff's control position. The contemplated resolution that had been one of the premises for the dismissal never came to fruition." *Id.* ¶ 9.

Plaintiff has not established by clear and convincing evidence that her voluntary dismissal "was obtained through fraud, misrepresentation, or other misconduct." *See Casey*, 362 F.3d at 1260. Indeed, she provides no evidence at all that a false promise or misrepresentation by Zachadnyk induced her dismissal. The declaration from Plaintiff's attorney reflects that there was no oral or written agreement at the time that Plaintiff chose to dismiss the case, and that Zachadnyk merely appeared to show willingness to discuss a resolution; and in fact, written proposals for a settlement agreement were not sent until two or three months after the dismissal. Nor was Plaintiff's perception that a reverse merger had been abandoned tantamount to a promise that a similar transaction would not be attempted in the future. Plaintiff has not established the requirements of Fed. R. Civ. P. 60(b)(3).

Plaintiff has also not demonstrated the "extraordinary circumstances" required under Fed. R. Civ. P. 60(b)(6). Plaintiff dismissed her lawsuit based on "two premises—the abandonment of the AsphaltX transaction and the apparent prospect of a negotiated resolution," but she has not demonstrated that she was justified in relying on either premise to dismiss the action. The fact that settlement discussions had begun was an indication that the dispute might resolve, but was not a promise that they would resolve, much less on the terms sought by Plaintiff. Plaintiff's Rule 60 motion is therefore denied.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to seeking Rule 60

relief and leave to amend [ECF No. 12]. The Court likewise **DENIES** Plaintiff's motion for a preliminary injunction [ECF No. 13].

**IT SO ORDERED**.

Dated: August 20, 2026

Hon. Robert S. Huie
United States District Judge